UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHELSEA BOURNE,

                       Plaintiff,                              Case Number 16-10332

v.                                                 Honorable David M. Lawson

ANSARA RESTAURANT GROUP, INC.,
CLINTON ROBIN, INC., VICTOR L.
ANSARA, RED ROBIN OF MICHIGAN,
ANN ARBOR ROBIN, INC., COMMERCE
TOWNSHIP ROBIN, INC., DELTA
ROBIN, INC., DETROIT ROBIN, INC.,
FLINT ROBIN, INC., GRANDVILLE
ROBIN, INC., HOLLAND TOWNSHIP
ROBIN, INC., KENTWOOD ROBIN, INC.,
LIVONIA ROBIN, INC., MADISON
HEIGHTS ROBIN, INC., NORTON SHORES
ROBIN, INC., NOVI ROBIN, INC., PITTSFIELD
ROBIN, INC., PORTAGE ROBIN, INC.,
ROSEVILLE ROBIN, INC., SOUTHGATE
ROBIN, INC., TROY ROBIN, INC., and
WESTLAND ROBIN, INC.,

                       Defendants.

_____/

## ORDER GRANTING UNOPPOSED MOTION TO APPROVE NOTICE OF CLASS ACTION SETTLEMENT AGREEMENT, SET HEARING DATE, AND AUTHORIZE NOTICE TO CLASS MEMBERS

On August 15, 2016, the plaintiff filed her unopposed motion to approve notice of a class action settlement and set a hearing date. The Court has reviewed the submissions of the parties and the terms of the proposed settlement and finds that the motion ought to be granted.

On February 1, 2016, plaintiff Chelsea Bourne filed her complaint seeking unpaid wages from defendant Ansara Restaurant Group, Inc., which is the franchise parent corporation for the Red Robin restaurant chain. On April 22, 2016, she filed an amended complaint that added as defendants twenty-two entities that operate individual Red Robin locations in Michigan and Ohio. In her

complaint, the plaintiff alleged that the defendants forced her to participate in an illegal tip pooling scheme in which tips received by herself and other wait staff who directly served customers were split among those employees and others, such as chefs and food preparers ("expos"), who do not customarily receive tips from customers.  The plaintiff alleged that the tip pooling scheme was illegal, that her employer was not entitled to offset the tips that she received against the usual statutory minimum hourly wage rate, and that it therefore was not allowed to pay her the lower hourly minimum wage that ordinarily applies to tipped employees.  The complaint alleged that the tip pooling policy violated the Fair Labor Standards Act, 29 U.S.C. § 203(m), and Michigan's minimum wage statute, Mich. Comp. Laws § 408.11.  The plaintiff sought approval for the case to proceed as a collective action under 29 U.S.C. § 216(b), and she also moved to certify a class under Federal Rule of Civil Procedure 23(b)(3) to pursue the state law claims.

The Court entered a scheduling order and the parties proceeded to exchange discovery.  The Court set a discovery cutoff deadline of October 3, 2016, and a deadline of July 19, 2016 for the plaintiff to file a motion for class certification under Rule 23(b).  The class certification motion deadline was extended at the joint request of the parties, after they informed the Court that they actively were engaged in productive settlement negotiations.  On August 8, 2016, the parties informed the Court that they had reached an agreement to settle all of the class and collective action claims, and the Court therefore dismissed as moot their pending dispositive motions.

The proposed settlement agreement would apply to the following class, which has not yet been certified by the Court:

> All current and former Red Robin servers who worked for Defendants in Michigan at any time from February 1, 2014 until entry of the Preliminary Approval Order.

-2-

Plf.'s Mot. for Prelim. Approval of Settlement [dkt. #120] at 4. The proposed settlement class applies only to the plaintiff's (and absent plaintiffs') state law claims, and to those plaintiffs who have opted into the case under the FLSA. It does not include any FLSA claims for the absent plaintiffs. The proposed settlement agreement provides that the defendants will deposit $445,000 into a settlement fund to be used to pay claims by the plaintiff and class members. The defendants assert that the class would include 1,832 of their current or former hourly workers. Each class member who submits a timely claim would receive a payment of 28 cents per hour for each hour that he or she worked for any of the defendants within the State of Michigan during the class period. In exchange, the plaintiff would dismiss the case with prejudice and release all of the individual and class claims.

The Federal Rules of Civil Procedure require court approval of settlements in class actions. Fed. R. Civ. P. 23(e). Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Rule 23(e)(2) states that a settlement that would bind class members may be approved "only after a hearing and on finding that it is fair, reasonable, and adequate." "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1), and "[a]ny class member may object to the proposal if it requires court approval under" Rule 23(e), Fed. R. Civ. P. 23(e)(5). The approval of a proposed settlement ordinarily involves a two-stage procedure. "First, counsel submit the proposed terms of [the] settlement and the judge makes a preliminary fairness evaluation. . . . Once the judge is satisfied as to the . . . results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Manual for Complex Litigation (4th ed.)

-3-

§§ 21.632-.633 (2004); *see also Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir. 2001).

In deciding whether to approve a class action settlement, the "ultimate issue" for the Court is whether the proposed settlement "is fair, adequate and reasonable." *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). District courts must "appraise the reasonableness of particular class-action settlements on a case-by-case basis, in the light of all the relevant circumstances." *Evans v. Jeff D*., 475 U.S. 717, 742 (1986). "Several factors guide the inquiry: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest." *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The present action has been pending for approximately six months. The proposed settlement resulted from negotiations that occurred while the defendant's motion to dismiss was pending and before the Court had heard oral argument on that motion. The Court believes that the risk of fraud or collusion among the parties is minimal. The parties have exchanged written discovery. Although there has not yet been a reaction from the absent class members, class counsel and the class representative asserts that the settlement is in the best interest of the class as a whole. The Court finds that the public interest favors the resolution of the class claims for unpaid wages sought in this case in an orderly, efficient, and economical manner.

The Court has reviewed the motion and the proposed settlement agreement. The proposed settlement appears to be a result of arm's-length negotiation that is likely to be in the best interest

of class members. Based on the submissions to date, the settlement appears to be fair, reasonable, and adequate. However, the Court reserves the final approval of the settlement and the determination regarding the attorney's fees and costs incurred by the plaintiff to a later time, as contemplated by Rule 23(h) and Rule 54(d)(2) of the Federal Rules of Civil Procedure.

The Court also finds reasonable the plan for notifying absent class members proposed by the parties. Under the plan, notice will be sent by postal and electronic mail to the identified opt-in plaintiffs and settlement class members, who are or were hourly workers at the defendants' various restaurant locations in the State of Michigan. Rule 23 provides that "the court may direct appropriate notice to the class," Fed. R. Civ. P. 23(c)(2)(A), and "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Fed. R. Civ. P. 23(e)(1). The Court has reviewed the contents of the proposed notice to absent class members, which plaintiff's counsel has provided to the Court. The Court finds that the notice is reasonably clear and otherwise conforms to the requirements of Rule 23(c)(2)(A) and 23(e). The proposed notice must be amended, however, to include the deadline dates prescribed by this order.

The Court also conditionally will certify the proposed settlement class under Federal Rule of Civil Procedure 23(b)(3). However, the Court's certification of the class is pursuant to and conditioned on the parties' representations.

The motion addresses the factors enumerated in Federal Rule of Civil Procedure 23(a), stating that the class is numerous, that all class members claim that the defendants are not entitled to operate the improper tip pooling scheme or to pay them less than the properly offset minimum wage mandated by federal and state law, that the named plaintiff's claims are materially identical to those of all members of the class, the representative plaintiff does not have any interests that

conflict with those of the class members, and the representative plaintiff has retained skilled attorneys who have, and will, vigorously pursue the interests of the class. Addressing the factors contained in Rule 23(b)(3), the motion states that the claims for unpaid minimum wages form the entire subject of the controversy affecting the defendants' hourly employees who worked as servers in the State of Michigan, and that pursuing relief in a single suit would be superior to any other form of claim resolution as it would promote judicial economy and clarity of results. The plaintiff's lawyers assert that they have extensive experience litigating similar cases involving claims for unpaid wages under the FLSA and state law.

As to the collective action opt-in claimants, the plaintiff asserts that the record of proceedings in the case indicates that settlement of the collective action claims is appropriate and should be approved by the Court because the parties diligently litigated a bona fide dispute over the claims for unpaid hourly wages, and, for the same reasons discussed above in relation to the class settlement, the proposed settlement distribution represents a reasonable compromise of those claims. The right to payment at the minimum hourly wage mandated under the FLSA ordinarily is not one that may be waived or compromised by an employee's consent. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 713 (1945). However, "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). In order to approve the settlement, the Court must find that it embodies "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. For the reasons previously noted, the Court finds that the proposed settlement represents a reasonable resolution of the parties' bona fide dispute over

unpaid back wages, and it therefore will grant preliminary approval of the settlement of the collective action claims. However, that approval is conditional and based on the parties' representations and it is subject to further review after a final approval hearing.

Accordingly, it is **ORDERED** that the plaintiff's unopposed motion to certify a settlement class and for preliminary approval of the proposed settlement agreement and procedure for providing class notice [dkt #120] is **GRANTED**. The proposed settlement agreement is **PRELIMINARILY APPROVED**, subject to objections by opt-in plaintiffs and absent class members and except for the determination of the attorney's fees and costs.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following settlement class is conditionally certified in this case:

> All current and former Red Robin servers who worked for any of the defendants in Michigan at any time from February 1, 2014 until August 26, 2016.

It is further **ORDERED** that counsel of record for the named plaintiff, namely attorneys Jason J. Thompson and Jesse L. Young, are appointed as counsel for the designated settlement class. Plaintiff Chelsea Bourne is appointed as the class representative.

It is further **ORDERED** that **on or before September 2, 2016**, the defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities. The defendants shall file proof that they have provided the required notice with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b).

It is further **ORDERED** that plaintiff's counsel or their designated representative shall cause notice of the proposed settlement to be given to all current opt-in plaintiffs who have submitted notices of their intent to join the collective action in the following manner:

(a) **On or before September 2, 2016**, a copy of the Notice of Settlement Agreement, substantially in the form attached as Exhibit A of the proposed settlement agreement that was filed with the plaintiff's motion for preliminary approval of class settlement and notice, must be mailed by first-class mail, with postage prepaid, to each current opt-in plaintiff, and must be sent by electronic mail to the last known email address of each opt-in plaintiff.

(b) The notice to opt-in plaintiffs must explain that objections to, and requests to be excluded from, the settlement agreement must be filed with the Court and the parties' counsel **on or before October 17, 2016**.

It is further **ORDERED** that plaintiff's counsel or their designated representative shall cause notice of the proposed settlement to be given to class members in the following manner:

(a) **On or before September 2, 2016**, a copy of the Notice of Class Action Settlement Agreement, substantially in the form attached as Exhibit B of the proposed settlement agreement that was filed with the plaintiff's motion for preliminary approval of class settlement and notice, must be mailed by first-class mail, with postage prepaid, to each class member, and must be sent by electronic mail to the last known email address of each class member.

(b) The notice to class members must explain that objections to, and requests to be excluded from, the class settlement must be filed with the Court and the parties' counsel **on or before October 17, 2016**.

It is further **ORDERED** that plaintiff's counsel shall file proof of mailing of the opt-in and class notices in conformity with this order **on or before September 9, 2016**.

It is further **ORDERED** that Simpluris Class Action Settlement Administration of Costa Mesa, California is **APPROVED** as the claims administrator for the settlement. The Court further **APPROVES** the deposit of the settlement funds into an escrow account to be held pending final disposition of all settlement claims, or until further order of the Court.

It is further **ORDERED** that the expenses of printing and mailing and publishing all notices required hereby shall be paid as described in the settlement agreement.

-8-

It is further **ORDERED** that the notice of class settlement must inform the absent class members that Proofs of Claim and supporting documentation must be submitted **on or before October 17, 2016**.  Proofs of Claim sent by mail shall be deemed submitted when postmarked if mailed by first class, registered or certified mail, postage prepaid, addressed in accordance with the instructions in the Proof of Claim.  All other Proofs of Claim shall be deemed submitted at the time of actual receipt.

It is further **ORDERED** that, **on or before November 11, 2016**, plaintiff's counsel must file a motion for final approval of the settlement identifying absent class members who opt out or object. The defendants' response, if the motion is opposed, must be filed **on or before November 25, 2016**, and the plaintiff's reply, if any, must be filed **on or before December 2, 2016**.

It is further **ORDERED** that a hearing shall be held at **2:00 p.m.** on **Thursday, December 15, 2016** in Room 716 of the Theodore Levin United States Courthouse, 231 West Lafayette Blvd., Detroit, Michigan 48226, to consider any objections to the settlement agreement and to determine whether the settlement agreement should be finally approved as having been negotiated in good faith and as being fair, reasonable, and in the best interest of the class members and opt-in plaintiffs.

It is further **ORDERED** that any class member or opt-in plaintiff may appear at the settlement hearing and be heard to the extent allowed by this Court, either in support of or in opposition to the good faith, fairness, reasonableness, and adequacy of the proposed settlement or the plaintiff's counsel's application for an award of attorney's fees, reimbursement of expenses, and an incentive award to each of the representative plaintiffs.  However, no class member or opt-in plaintiff shall be entitled to be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or the judgment to be entered pursuant thereto approving the same, or

the plaintiff's counsel's fee, expense and incentive award application, unless, **on or before October 17, 2016**, such person: (a) has filed with the Clerk of Court a notice of such person's intention to appear, together with a statement that indicates the basis for such opposition along with any supporting documentation, and (b) has served copies of such notice, statement, and documentation, together with copies of any other pleadings that such person has filed with the Clerk of the Court and each parties' counsel at the following addresses:

Clerk of the Court
United States District Court
231 Lafayette Boulevard
Detroit, MI 48226
Re: Chelsea Bourne v. Ansara Restaurant Group, Inc.
Case Number 16-10332

_Counsel for the Plaintiff_

Jesse L. Young
Sommers Schwartz, P.C.
One Towne Square, 17th Floor
Southfield, Michigan 48076
Fax: (248) 936-2138

_Counsel for the Defendants_

Kathleen H. Klaus
Maddin Hauser Roth & Heller, P.C.
28400 Northwestern Highway, 2nd Floor
Southfield, Michigan 48034
Fax: (248) 259-7560

Any class member who does not serve and file an objection to the proposed settlement of the litigation or the fee, expense and incentive award application, in the manner provided for herein, shall be deemed to have waived the right to object, including the right to appeal, and shall be forever foreclosed from making any objection to the settlement, the fee, expense and incentive award

-10-

application, or to any order or judgment filed or entered thereon, as applicable.  Counsel for the plaintiff must notify all absent class members of this requirement.

It is further **ORDERED** that applications for incentive awards, attorney's fees, or reimbursable expenses under Rule 23(h) must be filed **on or before November 11, 2016**.  Counsel must provide notice to class members in accordance with Fed. R. Civ. P. 23(h)(1).

It is further **ORDERED** that class counsel shall be responsible for maintaining a file of all responses to the notice of settlement and any and all other written communications received from the class members.  Class counsel immediately shall provide copies of such responses and communications to defendants' counsel.

It is further **ORDERED** that the Court reserves the right to adjourn the settlement hearing from time to time without further notice and to approve the settlement agreement at or after the settlement hearing.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 26, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 26, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI